**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **THE MATHWORKS, INC.,**<br>    Plaintiff,<br><br>v.<br><br>**ZT IP, LLC,**<br>    Defendant. | Case No.<br><br>**PLAINTIFF THE MATHWORKS, INC.'S DECLARATORY JUDGMENT COMPLAINT FOR PATENT NON-INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

**ORIGINAL DECLARATORY JUDGMENT COMPLAINT**

Plaintiff, The MathWorks, Inc. ("MathWorks"), based on personal knowledge as to all acts or events that it has undertaken or witnessed, and upon information and belief as to all others, files this Original Declaratory Judgment Complaint against Defendant, ZT IP, LLC ("ZT IP"), and alleges as follows:

**NATURE OF THE ACTION**

1. This declaratory judgment action by MathWorks seeks a determination that U.S. Patent Nos. 6,934,947 ("the '947 Patent") and 7,882,488 ("the '488 Patent) (collectively, the "Patents-in-Suit") are not infringed by MathWorks.

2. ZT IP has asserted that MathWorks infringes the Patents-in-Suit. Specifically, ZT IP improperly filed suit against MathWorks in the Western District of Texas on April 29, 2022, accusing MathWorks of infringing the Patents-in-Suit. *See ZT IP LLC v. MathWorks*, Civil Action No. 6:22-cv-438-ADA (W.D. Tex.) (Albright, J.), ECF No. 1 (the "Wrongly-Venued ZT IP Litigation").

3. MathWorks will move to dismiss the Wrongly-Venued ZT IP Litigation for improper venue by its deadline to answer or otherwise respond to the complaint in that case, which is currently set for July 8, 2022.

4. MathWorks is a privately held corporation that specializes in mathematical modeling and scientific computing software. Its major products include MATLAB and Simulink, which support data analysis and simulation. MathWorks also produces the products identified in the claim charts attached to ZT IP's Complaint in the Wrongly-Venued ZT IP Litigation—MATLAB Coder, Simulink Coder, and Embedder Coder—which generate executable code to run on separate and deployed computing devices.

5. For over 35 years, MathWorks has played an important role in the design, development, and integration of mathematical computing software that allows matrix manipulations, plotting of functions and data, implementation of algorithms, creation of user interfaces, and interfacing with programs written in other languages.

6. In contrast, Defendant ZT IP was registered on February 28, 2022, and it filed the Wrongly-Venued ZT IP Litigation on April 29, 2022—*i.e.*, approximately two months after its registration.

7. On information and belief, on March 24, 2022, less than one month after its formation, ZT IP was assigned the Patents-in-Suit from Zeidman Technologies Inc.

## THE PARTIES

8. MathWorks is organized and existing under the laws of Delaware. Its headquarters and principal place of business is located at 3 Apple Hill Drive, Natick, Massachusetts 01760.

9. On information and belief, ZT IP is incorporated in Texas, and its registered address is 5900 Balcones Drive, Suite 100, Austin, Texas 78731.

10. On information and belief, Pueblo Nuevo LLC ("Pueblo Nuevo") is the registered manager of ZT IP, and Pueblo Nuevo shares the same address with ZT IP at 5900 Balcones Drive, Suite 100, Austin, Texas 78731.

11. On information and belief, Pueblo Nuevo, the registered manager of ZT IP, is also the registered manager of at least three other companies—DatRec, LLC, mCom IP, LLC, and Cybersoft IP, LLC—and all three of those companies have filed patent lawsuits in the District of Massachusetts last year.

12. On information and belief, DatRec, LLC shares the same address with ZT IP and Pueblo Nuevo at 5900 Balcones Drive, Suite 100, Austin, Texas 78731.

13. On information and belief, mCom IP, LLC shares the same address with ZT IP and Pueblo Nuevo at 5900 Balcones Drive, Suite 100, Austin, Texas 78731.

14. On information and belief, Cybersoft IP, LLC shares the same address with ZT IP, Pueblo Nuevo, and mCom IP, LLC at 5900 Balcones Drive, Suite 100, Austin, Texas 78731.

## JURIDICTION AND VENUE

### *Jurisdiction*

15. This is a declaratory judgment suit arising under the patent laws of the United States, Title 35 of the United States Code. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. A substantial controversy exists between MathWorks and ZT IP, in which the parties have adverse

legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment from this Court.

16. On June 4, 2021, DatRec, LLC, an entity managed by Pueblo Nuevo, filed a patent infringement suit against Medical Information Technology, Inc.—a company that is incorporated and has its principal place of business in Massachusetts—in the United States District Court for the District of Massachusetts. *See DatRec, LLC v. Medical Information Technology, Inc.*, Civil Action No. 1:21-cv-10943-RGS (D. Mass.) (Stearns, J.), ECF. No. 1.

17. On April 20, 2021, mCom IP, LLC, an entity managed by Pueblo Nuevo, filed a patent infringement suit against Redpoint Global Inc.—a company that is incorporated in Delaware and has offices in Massachusetts—in the District of Massachusetts. *See mCom IP, LLC v. Redpoint Global Inc.*, Civil Action No. 1:21-cv-10657-LTS (D. Mass.) (Sorokin, J.), ECF. No. 1.

18. On April 28, 2021, Cybersoft IP, LLC, an entity managed by Pueblo Nuevo, filed a patent infringement suit against Kaspersky Lab, Inc.—a company that is incorporated and has its principal place of business in Massachusetts—in the District of Massachusetts. *Cybersoft IP, LLC v. Kaspersky Lab, Inc.*, Civil Action No. 1:21-cv-10704-RGS (D. Mass.) (Stearns, J.), ECF. No. 1.

19. On information and belief, Pueblo Nuevo, ZT IP, DatRec, LLC, mCom IP, LLC, and Cybersoft IP, LLC were all organized by the same person, William P. Ramey, III.

20. Each of Pueblo Nuevo, ZT IP, DatRec, LLC, mCom IP, LLC, and Cybersoft IP, LLC had its Certificate of Formation filed and signed by the same person, William P. Ramey, III.

21. Counsel representing the Pueblo Nuevo patent assertion entities—DatRec, LLC, mCom IP, LLC, and Cybersoft IP, LLC—in each lawsuit was Ramey & Schwaller, LLP, the same counsel representing ZT IP in the Wrongly-Venued ZT IP Litigation.

22. On information and belief, William P. Ramey, III is the managing and founding partner of Ramey & Schwaller, LLP.

23. This Court has personal jurisdiction over ZT IP because its manager, agent, and alter ego, Pueblo Nuevo, has availed itself of this Court on multiple occasions through the actions of Pueblo Nuevo's patent assertion entities over which it has management control. Accordingly, sufficient minimum contacts exist for this Court to exert personal jurisdiction over Pueblo Nuevo and its alter ego, ZT IP.

24. To attribute the actions of ZT IP's manager, Pueblo Nuevo, to ZT IP, this Court may apply the "alter ego" doctrine. The "alter ego" doctrine is typically employed to pierce the corporate veil or disregard a corporate fiction to reach a controlling entity. *Taurus IP v. DaimlerChrysler Corp.*, 519 F. Supp. 2d 905, 918 (W.D. Wis. 2007), *aff'd sub nom. Taurus IP, LLC v. DaimlerChrysler Corp.*, 726 F.3d 1306 (Fed. Cir. 2013); *see also* 1 Fletcher, Cyclopedia Corporations § 41.70 at 707 (1990).

25. The doctrine can also be "applied in reverse" to reach a controlled entity. *Taurus*, 519 F. Supp. 2d at 919. In applying the "alter ego" doctrine, the Court may look to Texas law to determine whether to disregard the corporate form because ZT IP is incorporated in Texas. *Id.*

26. Texas allows piercing of the corporate veil under the "alter ego" doctrine when the corporate form has been used as part of an unfair device to achieve an inequitable result. *Bell Oil & Gas Co. v. Allied Chemical Corp.*, 431 S.W.2d 336, 340 (Tex. 1968).

27. One example of the corporate form being used unfairly is "where a corporation is organized and operated as a mere tool or business conduit of another corporation," *SSP Partners v. Gladstrong Invs. (USA) Corp.*, 275 S.W.3d 444, 454 (Tex. 2008), which is the situation with Pueblo Nuevo and its multiple patent assertion entities.

28. On information and belief, Pueblo Nuevo manages at least the following 19 patent assertion entities:

(a) DatRec, LLC, incorporated in 2020;

(b) mCom IP, LLC, incorporated in 2020;

(c) Cybersoft IP, LLC, incorporated in 2020;

(d) PacSec3, LLC, incorporated in 2020;

(e) Silent Communication, LLC, incorporated in 2021;

(f) Authwallet, LLC, incorporated in 2021;

(g) Gold IP, LLC, incorporated in 2021;

(h) Linfo IP, LLC, incorporated in 2021;

(i) Escapex IP, LLC, incorporated in 2022;

(j) ZT IP, LLC, incorporated in 2022;

(k) Smartwatch MobileConcepts, LLC, incorporated in 2022;

(l) Haley IP LLC, incorporated in 2022;

(m) Safe IP LLC, incorporated in 2022;

(n) WFR IP LLC, incorporated in 2022;

(o) WirelesWerx IP LLC, incorporated in 2022;

(p) Etto IP LLC, incorporated in 2022;

(q) Tal IP LLC, incorporated in 2022;

    (r)  Street Spirit IP LLC, incorporated in 2022; and

    (s)  Cloud Systems Holdco IP LLC, incorporated in 2022.

  29.  On information and belief, 18 out of the 19 companies Pueblo Nuevo manages share the exact same address and location—5900 Balcones Drive, Suite 100, Austin, Texas 78731—with Pueblo Nuevo.

  30.  On information and belief, none of the 19 listed companies produces a commercial product; instead, all are shell companies whose sole purpose is to be assigned patents and file patent infringement lawsuits on behalf of Pueblo Nuevo.

  31.  On information and belief, Pueblo Nuevo limits the number of patents each of its patent assertion entities owns and the jurisdiction in which each entity files its lawsuits.

  32.  Pueblo Nuevo's scheme is a complete perversion of the intent of corporate structure and is used to circumvent legal frameworks established to implement justice and fair play.

  33.  ZT IP and Pueblo Nuevo's other 18 patent assertion entities are organized and operated as a mere tool or business conduit of Pueblo Nuevo. Therefore, MathWorks respectfully requests that the Court view ZT IP, Pueblo Nuevo's other 18 companies, and Pueblo Nuevo as one, and pierce the corporate veil under the "alter ego" doctrine.

  34.  Once the corporate veil has been pierced, the Court may attribute the acts of one entity—here, ZT IP—as well as the relevant contacts with the forum, to the entity behind the veil—here, Pueblo Nuevo.

  35.  Because DatRec, LLC, mCom IP, LLC, and Cybersoft IP, LLC are all alter egos of Pueblo Nuevo, Pueblo Nuevo, by virtue of its multiple filings in the District of

Massachusetts, has the minimum contacts sufficient to establish general personal jurisdiction, and through its indistinguishability with ZT IP, that personal jurisdiction would extend to ZT IP.

36. Hence, this Court has personal jurisdiction over ZT IP through its direct connection to Pueblo Nuevo.

37. Alternatively, this Court has personal jurisdiction over ZT IP via the actions of its manager/agent Pueblo Nuevo.

38. Pueblo Nuevo has purposefully availed itself of this Court's jurisdiction when it asserted the patents of the patent assertion entities it manages—DatRec, LLC; mCom IP, LLC; and Cybersoft IP—in cases against Medical Information Technology Inc. in *DatRec, LLC v. Medical Information Technology, Inc.*, Civil Action No. 1:21-cv-10943-RGS (D. Mass.) (Stearns, J.), ECF. No. 1; Redpoint Global Inc. in *mCom IP, LLC v. Redpoint Global Inc.*, Civil Action No. 1:21-cv-10657-LTS (D. Mass.) (Sorokin, J.), ECF. No. 1; and Kaspersky Lab, Inc. in *Cybersoft IP, LLC v Kaspersky Lab, Inc.*, Civil Action No. 1:21-cv-10704-RGS (D. Mass.) (Stearns, J.), ECF. No. 1.

39. As this Court's precedent dictates, "[u]nder the Massachusetts long-arm statute, this Court is authorized to assert personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's . . . transacting any business in [Massachusetts]. The notion of transacting business is broadly construed and easy to satisfy." *Saturn Mgmt. LLC v. GEM-Atreus Advisors, LLC*, 754 F. Supp. 2d 272, 277 (D. Mass. 2010) (internal citation and quotation marks omitted) (alterations in original).

40. Thus, the Court has jurisdiction over Pueblo Nuevo, as Pueblo Nuevo benefited from the protection of the Court's laws, and the Court similarly has personal jurisdiction over ZT IP under the Massachusetts long-arm statute because Pueblo Nuevo is ZT IP's

manager/agent. *See Curley v. N. Am. Man Boy Love Ass'n*, No. CIV.A. 00-10956-GAO, 2003 WL 21696547, at *5 (D. Mass. Mar. 31, 2003) (The Court further states, "'minimum contacts' requirement is met if the defendant "purposefully avails [himself] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

*Venue*

41. For the purposes of a declaratory judgment, under 28 U.S.C. § 1391, venue is proper in a judicial district where (1) the patent owner resides or (2) the claims arose.

42. The definition of "residency" for all purposes is found in 28 U.S.C. § 1391, which provides, in relevant part, "an entity with the capacity to sue . . . shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(ii).

43. As established above, the Court has personal jurisdiction over Defendant ZT IP, and therefore venue is proper as to ZT IP.

44. Hence, venue is proper in this district under 28 U.S.C. § 1391.

**PATENTS-IN-SUIT**

**U.S. Patent 6,934,947**

45. U.S. Patent No. 6,934,947 was issued on August 23, 2005, and is titled "Visual Tool for Developing Real Time Task Management Code." Its Abstract describes it as "[a] tool for developing software code for real time system allows the user to structure scheduling of multi-tasking operations into a polling loop without the complexity of a hand-crafted polling loop, while preventing deadlocks between the real time tasks." A true and correct copy of the '947 Patent is attached as Exhibit A.

46. In the Wrongly-Venued ZT IP Litigation, ZT IP has alleged that the '947 Patent is assigned to ZT IP.

47. In the Wrongly-Venued ZT IP Litigation, ZT IP has alleged that ZT IP holds the exclusive right to initiate, control, and defend any patent infringement litigation involving the '947 Patent.

48. The '947 Patent expired on May 10, 2019.

**U.S. Patent 7,882,488**

49. U.S. Patent No. 7,882,488 was issued on February 1, 2011, and is titled "Software Tool for Synthesizing a Real-Time Operating System." Its Abstract describes it as "[a] tool for developing software source code for embedded systems that allows the user to automatically generate a real-time operating system for scheduling of multi-tasking operations while preventing deadlocks between the real-time tasks." A true and correct copy of the '488 Patent is attached as Exhibit B.

50. In the Wrongly-Venued ZT IP Litigation, ZT IP has alleged that the '488 Patent is assigned to ZT IP.

51. In the Wrongly-Venued ZT IP Litigation, ZT IP has alleged that ZT IP holds the exclusive right to initiate, control, and defend any patent infringement litigation involving the '488 Patent.

52. The '488 Patent expired on May 10, 2019.

**COUNT I**

**(Declaratory Judgment of Non-infringement of U.S. Patent No. 6,934,947)**

53. MathWorks re-alleges and incorporates the foregoing paragraphs as if fully set forth herein.

54. MathWorks has not infringed, directly or indirectly, literally or under the doctrine of equivalents, any claim of the expired '947 Patent that was valid and enforceable under 35 U.S.C. § 271.

55. Because of ZT IP's allegations against MathWorks, an actual and justiciable controversy exists between MathWorks and ZT IP regarding alleged infringement of the '947 Patent.

56. MathWorks did not infringe, at least, Claim 1 of the '947 Patent because, among other things, MathWorks did not employ any method for developing a real time task management wherein: (1) providing commands to be used in the source codes of a plurality of real time tasks, said commands being designed to provide synchronization among said plurality of real time tasks; (2) assigning a priority to each of said real time tasks; (3) synthesizing source code for a polling loop, that manages said plurality of real time tasks in accordance with said assigned priority of each task; (4) synthesizing source code for said commands used in said plurality of real time tasks; and/or (5) converting, for execution by a computer, said synthesized source code for said polling loop and said synthesized source code for said commands.

57. MathWorks is entitled to a judicial declaration that the maintaining, operating, administering, making, using, offering for sale, selling, or importing in the United States of MathWorks's products did not infringe any claim of the '947 Patent that was valid and enforceable under 35 U.S.C. § 271. Such a declaration is necessary and appropriate at this time to determine the rights and obligations of the parties.

## COUNT II

### (Declaratory Judgment of Non-infringement of U.S. Patent No. 7,882,488)

58. MathWorks re-alleges and incorporates the foregoing paragraphs as if fully set forth herein.

59. MathWorks has not infringed, directly or indirectly, literally or under the doctrine of equivalents, any claim of the expired '488 Patent that was valid and enforceable under 35 U.S.C. § 271.

60. Because of ZT IP's allegations against MathWorks, an actual and justiciable controversy exists between MathWorks and ZT IP regarding alleged infringement of the '488 Patent.

61. MathWorks did not infringe, at least, Claim 1 of the '488 Patent because, among other things, MathWorks did not employ any method for developing a real-time operating system wherein: (1) specifying a set of n tasks, task(1) through task(n), to be scheduled for execution; (2) specifying t init-tasks that are executed only once upon initial execution of a task scheduler, t being less than or equal to n; (3) using a data processor to synthesize source code from commands embedded in source code to implement the task scheduler for controlling execution of said set of n tasks, the task scheduler further controlling one execution of each of said set of $\tau$ init-tasks, said synthesized source code being executable on a target system after compilation; and/or (4) synthesizing source code from commands embedded in source code to control execution of said set of t init-tasks, wherein synthesizing source code from commands embedded in source code includes generating new source code based on the commands embedded in source code.

62. MathWorks is entitled to a judicial declaration that the maintaining, operating, administering, making, using, offering for sale, selling, or importing in the United States

of MathWorks's products did not infringe any claim of the '488 Patent that was valid and enforceable under 35 U.S.C. § 271. Such a declaration is necessary and appropriate at this time to determine the rights and obligations of the parties.

## **RELIEF REQUESTED**

WHEREFORE, MathWorks respectfully requests that this Court enters judgment in MathWorks's favor against ZT IP and grants the following relief:

      A.      Declare that MathWorks has not infringed any valid and enforceable claim of the Patents-in-Suit;

      B.      Enjoin and restrain ZT IP and its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them from pursuing further charges of infringement or acts of enforcement based on the Patents-in-Suit against MathWorks or its actual and prospective business partners, customers, suppliers, and anyone in privity with MathWorks;

      C.      Deny ZT IP any request for injunctive relief and any other remedy available under Title 35 of the United States Code;

      D.      Declare that this is an exceptional case in favor of MathWorks and award MathWorks its reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

      E.      Award MathWorks taxable costs and interest; and

      F.      Award any and all such relief as the Court determines to be just and proper, including pursuant to 28 U.S.C. § 2202.

## **JURY DEMAND**

MathWorks hereby demands a jury trial in this action for any issue so triable.

| | |
|---|---|
| Dated: July 7, 2022 | Respectfully submitted, |
| | FISH & RICHARDSON P.C. |
| | By: */s/ Kayleigh E. McGlynn*<br>Kayleigh E. McGlynn (BBO #705640)<br>mcglynn@fr.com<br>One Marina Park Drive<br>Boston, MA 02210-1878<br>(617) 542-5070 – Telephone<br>(617) 542-8906 – Facsimile |
| | Neil J. McNabnay (*pro hac vice* forthcoming)<br>Texas Bar No. 24002583<br>mcnabnay@fr.com<br>Ricardo J. Bonilla (*pro hac vice* forthcoming)<br>Texas Bar No. 24082704<br>bonilla@fr.com<br>1717 Main Street, Suite 5000<br>Dallas, TX  75201<br>(214) 747-5070 – Telephone<br>(214) 747-2091 – Facsimile |
| | **COUNSEL FOR PLAINTIFF**<br>**THE MATHWORKS, INC.** |